COMMISSIONER OF INTERNAL REVENUE *v.*
LANE-WELLS CO. ET AL.

No. 115. Argued January 12, 1944.—Decided February 14, 1944.

*Mr. J. Louis Monarch,* with whom *Solicitor General
Fahy, Assistant Attorney General Samuel O. Clark, Jr.,
Messrs. Sewall Key* and *Alvin J. Rockwell,* and *Mrs.
Muriel S. Paul* were on the brief, for petitioner.

*Mr. Raphael Dechter* for respondents.

Mr. Justice Jackson delivered the opinion of the Court.

The Lane-Wells Company is a transferee and successor of the taxpayer Technicraft Engineering Corporation and as such is liable for its taxes. The Commissioner, the Board of Tax Appeals,[1] and the Circuit Court of Appeals[2] have held that Technicraft was a personal holding company in 1934, 1935, and 1936, and that question is no longer open.

For the years named, Technicraft filed the usual corporation income tax returns on Treasury Form 1120. On this form the following appeared: "Is the corporation a personal holding company within the meaning of Section 351 of the Revenue Act of 1934 [or the appropriate year]? (If so, an additional return on Form 1120H must be filed.)" To this each year Technicraft answered, "No." In none of the years in question did it file a personal holding company return on Form 1120H. It was advised, and in good faith believed, that it was not a personal holding company within the meaning of the Act.

The Commissioner relies upon the taxpayer's alleged default in two respects. First, the deficiency notices were given within three years of the filing of the corporate return on Form 1120 for the year 1936, but not within three years of such returns for 1934 and 1935 and not within four years (the period as to a transferee) of the 1934 return. Hence, a part of the tax is barred by the statute of limitations if the return filed is the only one required to start the statute. Second, the Commissioner has assessed and the Board has upheld as to each year a 25 per cent penalty for failure to file the personal holding company return.

---

[1] 43 B. T. A. 463.
[2] 134 F. 2d 977, 980.

The Court of Appeals for the Ninth Circuit reversed the decision of the Board of Tax Appeals. It held the one return sufficient to start the running of the limitation statute as to both income taxes and personal holding company taxes and held that there was no default warranting imposition of the penalty. This decision conflicted with that of the Court of Appeals for the Second Circuit in *Simpson & Co.* v. *Helvering,* 128 F. 2d 742, and we granted certiorari.

Prior to 1934, as now, personal holding companies were liable for the regular corporation income taxes under Title I of the Revenue Acts and they, like all other corporations, were subject to additional tax upon an accumulation of profits where there was present a purpose of avoiding surtaxes upon shareholders.[3] The obscurity of corporate taxpayers' purposes and difficulties of proof made the latter tax something of a dead letter in practice, and a new tax was devised "to provide for a tax which will be automatically levied upon the holding company without any necessity for proving a purpose of avoiding surtaxes."[4] The new tax was included in a separate title of the Revenue Act of 1934, Title IA—Additional Income Taxes, and constituted § 351, entitled Surtax on Personal Holding Companies. As part (c) thereof it enacted that administrative provisions, including penalties, applicable in respect of the taxes imposed by Title I should apply in respect of the tax imposed by this section.[5] It seems

---

[3] *E. g.,* Revenue Act of 1932, § 104, 47 Stat. 195.

[4] Sen. Rep. No. 558, 73d Cong., 2d Sess., p. 15; 1939–1 Cum. Bull. (Part 2) 586, 596.

[5] § 351 (c) provides: "All provisions of law (including penalties) applicable in respect of the taxes imposed by Title I of this Act, shall insofar as not inconsistent with this section, be applicable in respect of the tax imposed by this section, except that the provisions of section 131 of that title shall not be applicable." 48 Stat. 752.

clear that this section created a new tax separate from that on income of ordinary corporations.

Among the administrative provisions of Title I incorporated by reference in the personal holding company tax section are § 54 (a),[6] which requires one liable for such tax to "make such returns, and comply with such rules and regulations, as the Commissioner, with the approval of the Secretary, may from time to time prescribe," and § 62, which directs the Commissioner to prescribe and publish "all needful rules and regulations for the enforcement of this title." [7] Pursuant thereto Treasury Regulations were promulgated providing unequivocally: "A separate return is required for the surtax imposed under section 351. Such return shall be made on Form 1120H." [8]

The taxpayer has not complied with this regulation. It says, however, that its regular corporation income tax return must be taken as an equivalent to the separate return, under our decision in *Germantown Trust Co.* v. *Commissioner*, 309 U. S. 304, both for starting the period of limitation and for avoiding the penalty. The taxpayer in the *Germantown* case filed a return on a wrong form. The return contained, however, "all of the data from which a tax could be computed and assessed although it did not purport to state any amount due as tax," and the Court said, "this defect falls short of rendering it no return whatever." 309 U. S. at 308, 310. There the only liability involved was for a Title I income tax, and the return

---

[6] § 54 (a) provides: "Every person liable to any tax imposed by this title or for the collection thereof, shall keep such records, render under oath such statements, make such returns, and comply with such rules and regulations, as the Commissioner, with the approval of the Secretary, may from time to time prescribe." 48 Stat. 698.

[7] § 62 provides: "The Commissioner, with the approval of the Secretary, shall prescribe and publish all needful rules and regulations for the enforcement of this title." 48 Stat. 700.

[8] Regulations 86 and 94, Article 351–8.

was addressed to that liability, as to which the court held that it set the statute of limitations running. Here the taxpayer is under liabilities for two taxes and under an obligation to file two returns, and it says that one return addressed to but one of the liabilities answers the purpose of both.

It is contended by the Government that the returns in the present case were insufficient to advise the Commissioner that any liability existed for the holding-company tax. The Board of Tax Appeals found that the returns filed by the corporation disclosed its gross income and deductions and its resulting net income. 43 B. T. A. 470, 471. The Circuit Court of Appeals construed this as finding that they "showed all the facts necessary for the respondent to compute the taxes as a personal holding company obligation." 134 F. 2d at 978. But it seems admitted that the returns did not show the facts on which liability would be predicated. Such liability was expressly denied by the return, and to obtain data on which corporations subject to the tax could be identified and assessed was the very purpose of requiring a separate return addressed to that liability. Taxpayer says that the information called for by Form 1120H is information that could have been called for by Form 1120. We assume so, but we do not see how the fact helps the taxpayer, for the Treasury was fully within the statute in requiring that information in a separate return.

Congress has given discretion to the Commissioner to prescribe by regulation forms of returns and has made it the duty of the taxpayer to comply. It thus implements the system of self-assessment which is so largely the basis of our American scheme of income taxation. The purpose is not alone to get tax information in some form but also to get it with such uniformity, completeness, and arrangement that the physical task of handling and verifying returns may be readily accomplished. For such

purposes the regulation requiring two separate returns for these taxes was a reasonable and valid one and the finding of the Board of Tax Appeals that the taxpayer is in default is correct.

Since no personal holding company returns were filed, the statute of limitations did not commence to run,[9] and the assessment of the tax was not barred.[10]

Since the taxpayer defaulted in filing a required return for the years 1934 and 1935, the 25 per cent penalty in the applicable acts became mandatory [11] and was correctly upheld by the Board of Tax Appeals.

For 1936 the penalty presents a different question. The statute applicable provides that it could be lifted if

---

[9] The statute provides: "In the case of a false or fraudulent return with intent to evade tax or of a failure to file a return the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time." § 276 (a), 48 Stat. 745.

[10] The Treasury Regulation also provided: "The same provisions of law relating to the period of limitation for assessment and collection which govern the taxes imposed by Title I also apply to the surtax imposed under Title IA. However, since the surtax imposed under Title IA is a distinct and separate tax from those imposed under Title I, the making of a return under Title I will not start the period of limitation for assessment of the surtax imposed under Title IA. If the corporation subject to section 351 fails to make a return, the tax may be assessed at any time." Regulations 86, Art. 351–8.

The Court of Appeals thought this unauthorized. As we have indicated, we do not agree that it was beyond the delegated authority, and it appears only to declare what was even otherwise the law.

[11] The 1934 statute reads: "In case of any failure to make and file a return required by this title, within the time prescribed by law or prescribed by the Commissioner in pursuance of law, 25 per centum of the tax shall be added to the tax, except that when a return is filed after such time and it is shown that the failure to file it was due to reasonable cause and not due to willful neglect no such addition shall be made to the tax." § 291, 48 Stat. 746. A 25 per cent penalty is likewise mandatory in this case under § 406 of the Revenue Act of 1935, 49 Stat. 1014. This provision excuses late filing, for reasonable cause, but not complete failure to file.

it were shown that such failure was "due to reasonable cause and not due to willful neglect." Revenue Act of 1936, § 291, 49 Stat. 1727. The Board has made no finding on that subject, apparently assuming that the mandatory provisions applied to all years. The question is one of fact in the first instance for the Board's determination. *Dobson* v. *Commissioner,* 320 U. S. 489. The Government does not object to a remand to the Board for the limited purpose of reconsidering the imposition of the 25 per cent penalty for the year 1936 only, if the respondent shall seasonably apply to the Board therefor. In all things else the decision of the Board of Tax Appeals is affirmed. The judgment of the Court of Appeals is reversed, and the cause remanded with directions to remand to the Tax Court for further proceedings in accordance with this opinion.

*Reversed.*