**Mrs. E. C. NEILL, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 1174.**

United States District Court
S. D. Mississippi, W. D.

May 2, 1967.

---

George W. Rogers, Jr., Vicksburg, Miss., for plaintiff.

Robert Hauberg, U. S. Atty., Jackson, Miss., for defendant.

WILLIAM HAROLD COX, Chief Judge.

The plaintiff in this case sues for the recovery of Federal Insurance Contributions taxes, 26 U.S.C.A. § 3101 et seq., and penalties in the principal amount of thirty-seven hundred forty-two dollars sixty-four cents for the period beginning with the first quarter of 1959 and ending with the first quarter of 1965. The plaintiff contends that Mattie Bell Chambers and Emma Mae Bride were not domestic servants but were actually practical nurses and independent contractors not covered by this act. The United States on the contrary contends that these women were simply domestic servants and were covered by this act and that plaintiff was liable for this tax and had no reasonable cause to doubt liability therefor and that she is not entitled to a refund.

Mrs. Neill is a sixty-seven year old widow, living alone in a very large three story residence in Vicksburg. She is bedridden with some kidney disease and has been helpless for many years.

She last walked with assistance when her grandson was christened eight years ago. She broke her hip some years ago in bed on account of the brittleness of her bones. This fracture thus could not be accommodated with a pin. She has been in and out of the hospital many times in recent years as a stretcher case. She has taken six different kinds of pills for years. Susie Williams was the family cook and house servant for thirty-five years, until she was hurt in a bus accident a few years ago and quit work. She was replaced by a licensed practical nurse named Mrs. Milner. Mrs. Milner recommended the employment of Mattie Bell Chambers who started work for Mrs. Neill in 1958 and worked for her eight years. She waited on Mrs. Neill and gave her very careful attention and took care of all of her personal needs and requirements. This woman was not a trained or licensed practical nurse. She never represented herself as a practical nurse, but worked for seventy-five cents an hour as long as sixteen hours a day. The laundry was sent out for processing. But Mattie Bell Chambers washed curtains and bedspreads and did household work and cooked as a domestic. She was not a practical nurse or an independent contractor in any sense of the word but was an employee of Mrs. Neill.

Emma Mae Bride went to work for Mrs. Neill in 1960. She took the place of Susie Williams, the cook. She, too, had long hours and attended to the very personal needs and requirements of this bedridden patient very faithfully for years. She was paid one dollar per hour and worked long hours. She never had any training as a practical nurse and never represented herself as a practical nurse. Her employment was terminated on April 25, 1965. She was nothing but an ordinary domestic servant and in no sense of the word was she an independent contractor or a practical nurse. She did what Mrs. Neill told her to do exactly as any household servant would do. The legal relationship of independent contractor is not a favored classification in Mississippi jurisprudence. Succinctly, these colored servants did attend to some nursing duties, some of which required some degree of skill, in waiting upon this fine helpless woman; but Mrs. Neill at all times had absolute supervision and control of all they did and these employees said she was a hard taskmaster at times. It is perfectly clear to the Court that both of these women were mere servants of Mrs. Neill and that she was liable for this tax under the facts and circumstances in this case for the period stated, and that she wrongfully failed to report this employment and pay such tax.[1]

As to the penalty collected, the question of the payment of such tax was once discussed by Emma Mae Bride with Mrs. Neill, who apparently took the matter up with her son and her auditors, and promptly adopted the suggestion of letting a "sleeping dog lie," as she expressed it. These auditors were not accurately and sufficiently informed of all of the facts and circumstances surrounding the employment and duties of these women to form a sound dependable judgment on the question presented. In the absence of a full disclosure of all of the facts and circumstances surrounding the employment of these women by Mrs. Neill, she would be in no position here to claim that she had acted on the advice of competent counsel in adopting the course which she pursued. These auditors clearly adopted the course which Mrs. Neill pursued from mere impressions and conjectures and surmises as to the facts. That is no basis for relief against the penalties as being a course pursued by the taxpayer on advice of counsel.[2]

1. Texas Co. v. Mills, 171 Miss. 231, 156 So. 866. These household servants were employees. 26 U.S.C., 1964 Edition, § 3121.

2. Southeastern Finance Co. v. Commissioner of Internal Revenue (5CA) 153 F.2d 205. Commissioner v. Lane Wells Co., 321 U.S. 219, 64 S.Ct. 511, 88 L. Ed. 684.

It does not appear to this Court under the circumstances stated that Mrs. Neill had any reasonable cause to fail to file returns and pay the taxes due on these domestic servants for the period in suit. This Court has full jurisdiction of this suit under 28 U.S.C. § 1340. The complaint in its entirety is thus without merit and will be dismissed at plaintiff's cost. A judgment accordingly may be presented.