WELDON A. BLANCHARD, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Blanchard v. Commissioner
Docket No. 12702-77.
United States Tax Court
T.C. Memo 1979-173; 1979 Tax Ct. Memo LEXIS 352; 38 T.C.M. (CCH) 733; T.C.M. (RIA) 79173; May 1, 1979, Filed Weldon A. Blanchard, pro se. Gary A. Benford, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined deficiencies in petitioner's income tax and additions to tax for the years *353 and in the amounts as follows: Year
Deficiency in
Additions to Tax, I.R.C. 1954 [1] Ended
Income Tax
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654
1975
$3,507.35 $ 832.77
$175.37
$138.96
1976
4,277.70
1,069.43
213.89
159.65
By notice served on petitioner on November 30, 1978, this case was set for trial at Dallas, Texas on March 5, 1979. On February 12, 1979, the Court received from petitioner a document entitled "Motion for Enlargement of Time" which was filed as "Motion for Continuance from Mar. 5, 1979 at Dallas, TX." This motion was set for hearing at the call of the calendar on March 5, 1979, and notice of the hearing was served on petitioner on February 22, 1979. When the calendar was called on March 5, 1979, there was no appearance by or on behalf of petitioner. The Court denied petitioner's motion and set the case for trial on March 7, 1979. [2] When the case was called for trial on March 7, 1979, there was no appearance by or on behalf of petitioner. Respondent on that date filed a "Motion for Judgment on the Pleadings" to *354 which he attached copies of the notice of deficiency and the Forms 1040 filed by petitioner for the years here in issue. The ground for respondent's motion was that the only assignments of error raised in the petition, namely that the Forms 1040 which petitioner filed for 1975 and 1976 constituted valid income tax returns and that these Forms 1040 were filed as "petitions for a redress of grievances," were as a matter of law not valid legal objections to respondent's determination of deficiencies. Respondent's "Motion for Judgment on the Pleadings" was served on petitioner and an order entered by the *355 Court allowing petitioner until April 6, 1979, in which to reply to respondent's "Motion for Judgment on the Pleadings" filed March 7, 1979. On April 9, 1979, petitioner filed a "Motion in Opposition to Respondent's Motion for Judgment on the Pleadings" and a "Motion for Judgment on the Pleadings" in petitioner's favor. The basis of both petitioner's motions was that respondent had no legal or valid proof that a deficiency existed in petitioner's taxes for the years 1975 and 1976, and that petitioner has a legal and constitutional right to file his returns in the manner in which he did for the years in controversy. The record shows that on September 29, 1977, respondent issued a notice of deficiency to petitioner in which he determined that during each of the years here in issue petitioner had income from Hopper and Hawkins Survey Systems, Inc. in the amounts set forth in the deficiency notice. On this basis, after allowing petitioner a distributive loss from a partnership and a deduction for loss carryovers from prior years, respondent computed petitioner's tax liability for each year on the basis of the standard deduction provided under section 141 and one personal exemption. *356 In his petition, petitioner alleged the date of the mailing of the notice of deficiency but stated that he declined to attach a copy of the notice of deficiency because "to do so your Petitioner would be submitting your Respondent's evidence for him and, in so doing, your Petitioner could be entering into a conspiracy to deprive himself of his rights" under the 4th, 5th, 9th, 10th and 14th Amendments to the United States Constitution. Petitioner further alleged that for the years 1975 and 1976 he filed individual income tax returns "in accordance with your Petitioner's knowledge of his rights as guaranteed by constitutional and civil law and previous court decisions." Petitioner further alleged that his 1975 and 1976 income tax returns were filed as "petitions for a redress of grievances, as guaranted your Petitioner by the First Amendment to the United States Constitution." To his petition, petitioner attached copies of the first page of the Forms 1040 he filed for 1975 and 1976. Petitioner further alleged that-- Your Petitioner offers to amend and/or refile his 1975 and 1976 U.S. Individual Income Tax Returns to the satisfaction of the Commissioner of the Internal Revenue, *357 provided that, by so amending and/or refiling, your Petitioner is not forced into waiving any of his Constitutional and/or civil rights. The copy of the first page of the Forms 1040 filed by petitioner for each of the years here in issue, as well as the copy of each of these forms attached to respondent's motion, show that other than his name, address, social security number, a filing status of single, and a claim for one exemption, nothing appears on these forms except either "* * *" or the word "NONE" in the spaces provided for reporting income and deduction. Typed along one side of each Form 1040 is the following: Note: I did not receive any Constitutional Dollars containing 412.5 grains of Silver. On the other side of each Form 1040 is typed: I offer to amend or file again if you can show me how to do so without waiving my Constitutional rights, especially my 1st, 4th, 5th & 9th Amendment rights. At the bottom of each Form 1040, under petitioner's signature, the following is typed: I DO NOT UNDERSTAND THIS RETURN NOR THE LAWS THAT MAY APPLY TO ME. * * * This means that I take specific objection under the 1st, 4th, 5th & 9th Amendments * * * To the Forms 1040 *358 as filed by petitioner were attached various statements such as (1) the Tax Court is not a part of the judicial branch of the Government; ( 2) the Internal Revenue Code, Title 26, is unconstitutional; and-- NOW THEREFORE, I hereby refuse to give you or your Department any of the information you request upon the grounds that it may tend to supply information which may tend to lead to information which may tend to uncover unformation [sic] which may tend to or actually incriminate me under either State or Federal law. Also attached to each of the Forms 1040 were various documents such as excerpts from the United States Constitution, excerpts from various Supreme Court cases, and excerpts from the Congressional Record. Petitioner, in his answer to respondent's motion for judgment on the pleadings does not deny that the notice of deficiency attached to respondent's motion is a correct copy of the notice or that the copies of the Forms 1040 attached to respondent's motion are correct copies of the Forms 1040 he filed. In fact, his only argument is that-- It is a well settled fact that Tax Court decisions set no precedent, therefore, respondent's reliance *359 on the Tax Court cases mentioned in his memorandum have no bearing whatsoever on petitioner's case. Petitioner then proceeds to argue that he would waive his constitutional rights, particularly his rights under the 5th Amendment, by filing tax returns. Attached to his memorandum are excerpts from various cases of the United States Circuit Courts of Appeal and the Supreme Court dealing with the privilege against self-incrimination contained in the 5th Amendment. None of the cases cited by petitioner involve a refusal by a taxpayer to submit a proper Federal income tax return. It is well settled that a Form 1040 which discloses no information relating to a taxpayer's income does not constitute a return within the meaning of section 6011. Hatfield v. Commissioner,68 T.C. 895 (1977); Cupp v. Commissioner,65 T.C. 68, 79-80 (1975), affd. 559 F.2d 1207 (3d Cir. 1977). See also Commissioner v. Lane-Wells Co.321 U.S. 219 (1944). It is equally well settled that an attempt to use a Form 1040 as a petition for redress of grievances *360 does not cause that Form 1040 to become a valid income tax return where the Form 1040 does not contain information relating to the taxpayer's income and deductions. Cupp. v. Commissioner,supra.In fact, the same issues raised by petitioner in the instant case were raised by petitioner in a petition to this Court involving the calendar year 1974 and decided against him. Blanchard v. Commissioner,T.C. Memo. 1977-352 (Oct. 3, 1977). In that case we discussed the lack of validity to petitioner's contention that the Form 1040 filed by him for the year 1974 was a proper return and the lack of validity to the various other arguments raised by petitioner which are comparable to the arguments raised by petitioner in the instant case. In his answer to respondent's motion for judgment on the pleadings, petitioner does not discuss the additions to tax under sections 6651(a), 6653(a) and 6654 determined by respondent. Since we have concluded that petitioner did not file a tax return for either of the years here in issue, we conclude that respondent correctly determined the addition to tax under section 6651(a) for failure of petitioner to file a *361 return on the date prescribed by law. Commissioner v. Lane-Wells Co., supra.
It is likewise clear that it is incumbent on petitioner to show error in respondent's determination of addition to tax under section 6653(a). Pritchett v. Commissioner,63 T.C. 149, 174 (1974), and cases there cited, and respondent's determination of addition to tax under section 6654. Bagur v. Commissioner,66 T.C. 817, 824 (1976); Reaver v. Commissioner,42 T.C. 72, 83 (1964). Petitioner did not, in his petitioner, allege error with respect to respondent's determination of these additions to tax and has made no showing of error in these determinations. Upon consideration of the record as a whole, we conclude that petitioner's motion for judgment on the pleadings will be denied and respondent's motion for judgment on the pleadings will be granted. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩
2. The transcripts of the hearings on March 5 and March 7 show that on the morning of March 5 petitioner called the Clerk of the Court and stated that he was a salesman and was on a trip, and it was not convenient for him to appear on the morning of March 5. The Clerk informed him that he was due to appear.When the case was set for hearing on March 7, the Clerk unsuccessfully attempted to contact petitioner, but did contact one of the businesses that petitioner represented and asked that petitioner be informed when he called in that his case was set for trial on March 7, 1979.↩