BENJAMIN E. FARR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Farr v. Commissioner
Docket No. 6151-77.
United States Tax Court
T.C. Memo 1979-225; 1979 Tax Ct. Memo LEXIS 297; 38 T.C.M. (CCH) 908; T.C.M. (RIA) 79225; June 11, 1979, Filed *297 Held, the Commissioner's deficiency determination sustained. Held, further, P is liable for additions to tax under secs. 6651(a) 6653(a), and 6654(a), I.R.C. 1954, in the amounts determined by the Commissioner. Benjamin E. Farr, pro se. Daniel P. Ehrenreich and Pamela v. Gibson, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: In his notice of deficiency, the Commissioner determined deficiencies in the petitioner's Federal income taxes and additions to tax under sections 6653(b) and 6654(a), Internal Revenue Code of 1954. [1] In his answer, he claimed *298 additions to tax under sections 6651(a) and 6653(a) in the alternative to the additions to tax under section 6653(b). The deficiencies and additions to tax are as follows: Additions to Tax Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6653(b)
Sec. 6654(a)
1970
$3,384.30 $ 846.08 $ 169.21
$1,692.15 $ 108.29
1971
2,549.01
637.25
127.45
1,274.50
81.57
1972
3,032.51
758.13
151.63
1,516.25
97.05
1973
8,500.07
2,125.02
425.00
4,250.04
272.00
1974
4,029.19
1,007.30
201.46
2,014.60
128.93
The issues for decision are: (1) Whether the petitioner is liable for deficiencies in his Federal income taxes in the amounts determined by the Commissioner; and (2) whether the petitioner is liable for additions to tax under sections 6651(a), 6653(a), and 6654(a). FINDINGS OF FACT The petitioner, Benjamin E. Farr, resided at Merrimack, N.H., at the time he filed his petition in this case. In 1971, the petitioner filed a Form 1040 for 1970 which disclosed his name, address, and social security number. The *299 remainder of such form was blank, but the petitioner had attached three "Exhibits" thereto: In Exhibit A, he listed his objections to filling out Form 1040 based on the Constitution of the United States, the Declaration of Independence, the Northwest Ordinance, and the Constitution of the State of New Hampshire. His specific objections included: (1) Payment of Federal income taxes and filling out Internal Revenue forms violate his right against self-incrimination; (2) payment of Federal income taxes violates due process of law; (3) the Internal Revenue Code is unconstitutional; (4) the Federal Reserve and National Banking Acts are unconstitutional; (5) Federal Reserve notes are not legal tender; (6) the Internal Revenue Code is discriminatory; and (7) the Tax Court is unconstitutional. Exhibit B was a collection of printed pamphlets and "Fact [Sheets]" which allegedly supported his various objections. Exhibit C was entitled "The Liberty Amendment" and appeared to be a proposed amendment to the Constitution designed to eliminate his objections to the current operations of the Government. The petitioner did not file tax returns for 1971 through 1974. In his notice of deficiency *300 for the years 1970 through 1974, the Commissioner computed the petitioner's gross receipts from his employment as a retail salesman of housewares, and from such receipts, he subtracted cost of goods sold, business expenses, one personal exemption, and other deductions to which the petitioner was entitled. The Commissioner also determined the petitioner was liable for additions to tax under sections 6653(b) and 6654(a). In his petition, the petitioner contested the deficiencies and additions to tax on the following grounds: (1) The Tax Court is unconstitutional; (2) the Congress has unlawfully delegated its legislative powers to Tax Court Judges; (3) it is unconstitutional to place the burden of proof on him; (4) the petitioner is being deprived of his right to trial by jury; (5) Federal Reserve notes are not legal tender; (6) the assessment violates due process of law and deprives the petitioner of equal protection under the law; (7) the Internal Revenue Code is unconstitutional and all Government officials acting under its authority are acting unlawfully; (8) the petitioner is being deprived of his right to freedom of religion; and (9) the Commissioner has not properly computed *301 his business expenses and real estate taxes. In his answer to the petition, the Commissioner generally denied most of the allegations made in the peition and set forth specific allegations supporting his determination of fraud. In addition, the Commissioner alleged, in the alternative, that if the Court finds that the underpayment of the petitioner's tax is not due to fraud, the petitioner is liable for the addition to tax under section 6651(a) for failure to file returns and for the addition to tax under section 6653(a), relating to negligence or intentional disregard of rules and regulations and claimed the additions to tax under such sections.
At the trial of this case, the petitioner read a "Notice of Particular Averment" in which he advanced the following arguments: (1) The Tax Court lacks jurisdiction over his person; (2) he is entitled to a trial by jury, in a "Federal Common Law Court" and presided over by a "neutral Judge of Federal Common Law"; and (3) Federal Reserve notes are not legal tender. After submitting such statement to the Court, the petitioner refused to engage in further "conversation, argument, or participation in this unlawful chancery proceeding, whatsoever. *302 " When it became apparent that the petitioner was not going to present any evidence, the Commissioner orally moved that the case be dismissed as to the deficiencies under Rule 123(b), Tax Court Rules of Practice and Procedure, because of the petitioner's failure to properly prosecute the action. The Commissioner also decided to abandon the addition to tax under section 6653(b), and to seek the additions to tax under sections 6651(a) and 6653(a). At the conclusion of the trial, the Commissioner also moved for summary judgment with respect to the additions to tax under sections 6651(a) and 6653(a). OPINION The first issue for decision is whether the Commissioner's deficiency determinations and his imposition of the additions to tax under section 6654(a)[2] should be sustained. Such determinations are presumptively correct, and if the petitioner is to prevail, he must demonstrate such determinations are erroneous. Rule 142, Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111 (1933). *303 Hough the petitioner raised issues in his petition regarding his business expenses and his real estate taxes, he chose to present no evidence at the trial. Instead, he relies on a series of alleged constitutional, statutory, and common law objections to the deficiency notice, to the Internal Revenue Code, and to just about every aspect of this proceeding. However, such objections have been dealt with on numerous prior occasions by this Court, and in each instance, they have been held to be totally without merit. See, e.g., Larchmont Foundation, Inc. v. Commissioner, 72 T.C.     (April 17, 1979); Wilkinson v. Commissioner,71 T.C. 633, 639 (1979); Hatfield v. Commissioner,68 T.C. 895, 898 (1977); Swanson v. Commissioner,65 T.C. 1180 (1976); Cupp v. Commissioner,65 T.C. 68, 79-80 (1975), affd. without published opinion 559 F. 2d 1207 (3d Cir. 1977); Burns, Stix Friedman & Co. v. Commissioner,57 T.C. 392 (1971). In this case, there may be a sound basis for questioning the Commissioner's computation of the petitioner's income and allowance of deductions, and the Court repeatedly *304 urged the petitioner to deal with the merits of that issue and present any relevant evidence concerning his business income and expenses.Yet, he adamantly refused to present one iota of evidence relating to the merits of the issue. Accordingly, we have no alternative but to sustain the Commissioner's determination as to the deficiencies and the additions to tax under section 6654(a). Next, we must decide whether the petitioner is liable for the additions to tax under sections 6651(a) and 6653(a). The petitioner is liable for an addition to tax under section 6651(a) for the taxable year if his failure to file his tax return for such year was not due to reasonable cause, and for such purposes, it is well settled that a Form 1040 which only discloses the taxpayer's name and address does not constitute a tax return. Commissioner v. Lane-Wells Co.,321 U.S. 219 (1944); Hatfield v. Commissioner,supra at 898. The petitioner is liable for an addition to tax under section 6653(a) for the taxable year if any part of an underpayment of tax for such year is due to negligence or intentional disregard of rules and regulations. The evidence presented *305 by the Commissioner establishes that the petitioner did not file any tax returns for the years in issue. In addition, the evidence in this record establishes why the petitioner underpaid his taxes and neglected to file his tax returns; he simply objected to our tax collection system which depends on self-assessment, and he decided to ignore the provisions of the Internal Revenue Code. His objections to the requirements of the law were not based on bona fide differences of view as to the meaning and effect of law. Compare Wesley Heat Treating Co. v. Commissioner,30 T.C. 10 (1958), affd. 267 F. 2d 853 (7th Cir. 1959); Wofford v. Commissioner,5 T.C. 1152 (1945). His objections have all been considered repeatedly by the courts and held to be totally without merit. After the presentation of the other evidence on this issue, the petitioner was again urged by the Court to offer any evidence possessed by him regarding his reasons for not filing returns and not paying taxes, but he remained silent. Under these circumstances, we find and hold that there was no reasonable cause for the petitioner's failure to file tax returns for the years *306 in issue and that his underpayment of taxes for those years was due to intentional disregard of the rules and regulations. Accordingly, we sustain the Commissioner's claim for those additions to tax. Since there has been a trial in this case and the parties have had an opportunity to present evidence on all issues, the Commissioner's motions are moot and will therefore be denied. An appropriate order will be issued and decision will be entered finding that there are due deficiencies and additions to tax under sections 6651(a), 6653(a), and 6654(a), as determined by the Commissioner, and that there are no additions to tax due under section 6653(b).
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.↩
2. Sec. 6654(a) in relevant part provides: (a) Addition to the Tax.--In the case of any underpayment of estimated tax by an individual, * * * there shall be added to the tax under chapter 1 and the tax under chapter 2 for the taxable year an amount determined at the rate of 6 percent per annum upon the amount of the underpayment * * * for the period of the underpayment * * *.↩