DETSEL J. PARKINSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; EARLENE A. PARKINSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Parkinson v. Commissioner
Docket Nos. 9617-78, 9618-78.
United States Tax Court
T.C. Memo 1979-319; 1979 Tax Ct. Memo LEXIS 200; 38 T.C.M. (CCH) 1232; T.C.M. (RIA) 79319; August 20, 1979, Filed Detsel J. Parkinson, pro se., Earlene A. Parkinson, pro se. Carolyn Boyer, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: These cases were assigned to Special Trial Judge James M. Gussis pursuant to the provisions of section 7456(c), Internal Revenue Code of 1954, [1] for hearing and disposition of respondent's motion for summary judgment. The Court agrees with and adopts his opinion *201 which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: These cases are before the Court for hearing on respondent's motion for summary judgment filed on May 1, 1979 pursuant to Rule 121, Tax Court Rules of Practice and Procedure. Petitioners filed an objection to respondent's motion on June 15, 1979. There was no appearance by or on behalf of the petitioners at the hearing on June 20, 1979 at Motions Sessions. Petitioner Detsel J. Parkinson filed a Form 1040 U.S. Individual Tax Return for each of the years 1972, 1973 and 1974. He did not show any of the requisite information on such forms but simply filled the various lines on the face of each of the forms with references to numerous constitutional amendments and completely omitted the necessary information and computations. It is well settled that a Form 1040 which discloses no information does not constitute a "return" within the meaning of section 6012. Commissioner v. Lane-Wells Co.,321 U.S. 219 (1944). Petitioner Earlene A. Parkinson did not file *202 a Federal income tax return for any of the years 1972, 1973 and 1974. Petitioners were residents of Rexburg, Respondent determined the following deficiencies in petitioners' Federal income taxes and additions to tax under sections 6651(a) and 6653(a). Income Tax
Additions to Tax Petitioner
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Detsel J. Parkinson
1972
$7,877.87
$1,969.47
$ 393.89
1973
8,061.89
2,015.47
403.09
1974
3,666.05
916.51
183.30
Earlene J. Parkinson
1972
7,202.87
1,800.72
360.14
1973
7,197.89
1,799.47
359.89
1974
2,623.25
655.81
131.16
Respondent determined petitioners' taxable income for the years involved by reference to bank records and other third party records. Rule 121(b), Tax Court Rules of Practice and Procedure, provides that a decision shall be entered if the pleadings and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Here, neither of the petitioners provided the necessary information for the proper computation of the correct Federal income *203 tax liabilities. It appears from material in the record that petitioner Detsel J. Parkinson, in addition to making various objections on constitutional grounds, contends that the Internal Revenue Service cannot constitutionally levy a tax upon income measured in Federal Reserve notes. This Court has repeatedly rejected this argument which we regard as frivolous. Hatfield v. Commissioner,68 T.C. 895 (1977); Gajewski v. Commissioner,67 T.C. 181 (1976); Cupp v. Commissioner,65 T.C. 68 (1975), affd. 559 F.2d 1207 (3rd Cir. 1977). Nor do we discern any basis for his various constitutional objections. See Wilkinson v. Commissioner,71 T.C. 633 (1979); Hatfield v. Commissioner,supra;Cupp v. Commissioner,supra; see also Johnson v. Commissioner,T.C. Memo. 1978-32. Petitioners have the burden of proof with respect to the determination of tax liability made by respondent. Welch v. Helvering,290 U.S. 111 (1933). Petitioner also have the burden of proof with respect to impositions of tax under sections 6651(a) and 6653(a). In *204 the absence of any proof respondent's determinations must be upheld. Petitioners have not raised any issues with respect to the amounts of income and deductions used by the respondent in his calculations, nor have they challenged the details of respondent's computation of their tax liability for the years 1972, 1973 and 1974. Consequently, there is no genuine issue of material fact before the Court. Accordingly, respondent's motion for summary judgment will be granted. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩