PAUL G. DUBOIS and MARY G. DUBOIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Du Bois v. Commissioner
Docket No. 10644-78.
United States Tax Court
T.C. Memo 1980-143; 1980 Tax Ct. Memo LEXIS 446; 40 T.C.M. (CCH) 263; T.C.M. (RIA) 80143; April 24, 1980, Filed *446 (1) At trial, Ps filed a motion for summary judgment contending that the deficiencies determined by the Commissioner ought not to be sustained since IRS was guilty of improper conduct toward Ps and since the Fifth Amendment to the U.S. Constitution permitted Ps to refuse to report their incomes.Ps offered no evidence to refute the deficiencies. Held, Ps' motion denied since Ps failed to prove misconduct, since such misconduct, if proved, would not affect the deficiencies, and since the Fifth Amendment does not permit Ps to refuse to report their incomes. Held, further, the deficiencies are sustained since Ps failed to carry their burden of disproving them. (2) Held, Ps were each liable for an addition to tax under sec. 6651(a), I.R.C. 1954, since they filed no returns for 1976 and showed no reasonable cause for their failure to file. (3) Held, Ps were each liable for an addition to tax under sec. 6653(a), I.R.C. 1954, since they failed to show that their underpayments of tax were not due to negligence or to intentional disregard of rules and regulations. (4) Held, Ps were each liable for an addition to tax under sec. 6654, I.R.C. 1954, since they failed *447 to show that they did not underpay their estimated tax. Paul G. duBois and Mary G. duBois, pro se. Donald T. Rocen, for the respondent. SIMPSON
MEMORANDUM OPINION SIMPSON, Judge: The Commissioner determined the following deficiencies in, and additions to, the petitioners' Federal income taxes for 1976: Additions to Tax
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654
Petitioner
Deficiency
I.R.C. 1954 [1]
I.R.C. 1954
I.R.C. 1954
Paul G. duBois
$8,773.00
$2,193.00
$439.00
$327.00
Mary G. duBois
515.00
129.00
26.00
19.00
*448 The issues to be decided are: (1) Whether alleged improper conduct by the Internal Revenue Service toward the petitioners affected the deficiencies determined by the Commissioner; (2) whether the Fifth Amendment to the U.S. Constitution permitted the petitioners to refuse to report their incomes; and (3) whether the petitioners are liable for additions to tax under section 6651(a) for failure to file tax returns, under section 6653(a) for negligence or intentional disregard of rules and regulations, and under section 6654 for underpayment of estimated tax. The petitioners, Dr. Paul G. duBois and Mary G. cuBois, husband and wife, maintained their legal residence in Colorado Springs, Colo., at the time they filed their petition in this case. They filed a Form 1040 with the Internal Revenue Service for 1976; however, on the form, they disclosed no information relating to their incomes or deductions, and they stated that they had no tax liability. In his notices of deficiency, the Commissioner determined that Dr. duBois and Mrs. duBois were each liable for income taxes and self-employment *449 taxes for 1976. He also determined that they were each liable for additions to tax under section 6651(a), relating to the timely filing of returns, under section 6653(a), relating to negligence or intentional disregard of rules and regulations, and under section 6654, relating to underpayment of estimated tax. At the trial, the petitioners filed a motion for summary judgment. Primarily, they contend that the deficiencies determined by the Commissioner ought not to be sustained since the IRS was guilty of misconduct in continually auditing them without reason, in denying them access to its records, in refusing their requests for assistance, in refusing them an audit hearing for 1976, and in refusing to sign an affidavit certifying the correctness of the determinations in the deficiency notices. However, the petitioners introduced no evidence to substantiate their allegations. It is well established that this Court generally will not look behind a deficiency notice to examine the evidence used or the propriety of the Commissioner's motives or of the administrative policy or procedures involved in making his determinations. Proesel v. Commissioner, 73 T.C.     (Dec. 27, 1979); *450 Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974); see also Estate of Brimm v. Commissioner, 70 T.C. 15, 22 (1978). The failure of the IRS to follow its administrative procedures does not affect the validity of the notice of deficiency. See, e.g., Estate of Brimm v. Commissioner, supra; Boyer v. Commissioner, 69 T.C. 521 (1977); Levine Brothers Co. v. Commissioner, 5 B.T.A. 689 (1925). Moreover, it has been recognized that the broad sweep of the Commissioner's power to enforce the revenue laws ( Donaldson v. United States, 400 U.S. 517, 534-536 (1971); United States v. Roundtree, 420 F. 2d 845, 850-851 (5th Cir. 1969)) vests in the Commissioner the discretion to determine which taxpayers should be audited. Greenberg's Express, Inc. v. Commissioner, 62 T.C. at 328-329. On occasion, this Court has departed from its practice of not looking back of the deficiency notice when there is substantial evidence of arbitrary or unconstitutional behavior by the IRS and the integrity of our judicial process would be compromised by permitting *451 the Commissioner to benefit from such conduct. Jackson v. Commissioner, 73 T.C. 394 (1979); Suarez v. Commissioner, 58 T.C. 792 (1972). We have also observed that "it is conceivable that there may be situations where a taxpayer should be accorded some relief, if he were able to prove that he was selected for audit on a clearly unjustifiable criterion." Greenberg's Express, Inc. v. Commissioner, 62 T.C. at 328.In the limited situations where we look back of the deficiency notice, we do not strip the notice of all effect, as the petitioners request that we do in this case, but we merely impose on the Commissioner the burden of going forward with evidence. Jackson v. Commissioner, supra at 401; Suarez v. Commisioner, supra at 814. However, there is no evidence here that the petitioners were selected for audit on an unjustifiable criterion or that the IRS was guilty of any other arbitrary or unconstitutional conduct. The petitioners make the additional argument that the Fifth Amendment accords them the right not to report their incomes and file tax returns. This argument has been considered *452 and rejected numerous times, and by now, it has become frivolous.E.g., United States v. Sullivan, 274 U.S. 259 (1927); United States v. Daly, 481 F. 2d 28 (8th Cir. 1973), cert. denied 414 U.S. 1064 (1973); Hatfield v. Commissioner, 68 T.C. 895 (1977). Accordingly, we deny the petitioners' motion for summary judgment.[2]
The petitioners have the burden of proving the deficiencies determined by the Commissioner to be incorrect. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering, 290 U.S. 111 (1933).Here, the petitioners focused *453 their arguments on their motion for summary judgment and introduced no evidence to refute the deficiencies. Accordingly, we sustain those deficiencies. The only other issue to be decided is whether the petitioners are liable for additions to tax under sections 6651(a), 6653(a), and 6654. Section 6651(a) provides for an addition to tax when a return is not timely filed, unless the failure to do so is shown to be due to reasonable cause; section 6653(a) provides for an addition to tax when an underpayment of tax is due to intentional disregard of rules and regulations or to negligence; and section 6654 provides for an addition to tax for underpayment of estimated tax. Since the Commissioner determined that the petitioners were liable for such additions to tax, they must carry the burden of showing that they are not so liable. Enoch v. Commissioner, 57 T.C. 781 (1972); Reaver v. Commissioner, 42 T.C. 72 (1964); O'Donohue v. Commissioner, 33 T.C. 698 (1960). The Form 1040 filed by the petitioners did not constitute a "return" within the meaning of section 6012 because it disclosed no information relating to their income or deductions. *454 Commissioner v. Lane-Wells Co., 321 U.S. 219 (1944); Hatfield v. Commissioner, supra.The petitioners introduced no evidence justifying their failure to file a return. They also failed to offer any evidence to show that their underpayments of tax were not due to negligence or intentional disregard of rules and regulations, and to show that they did not underpay their estimated taxes. Therefore, we sustain the additions to tax determined by the Commissioner.
Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during 1976.↩
2. On their Form 1040, the petitioners objected to reporting their incomes on the grounds of several other Amendments to the Constitution, and on the ground that the Federal Reserve notes they earned as income were not taxable "dollars." These arguments were never raised at trial, and we consider them to have been abandoned.See Hatfield v. Commissioner, 68 T.C. at 898 n. 2.In any event, the arguments are frivolous. See Tingle v. Commissioner, 73 T.C.     (Feb. 7, 1980); Hatfield v. Commissioner, 68 T.C. at 897↩.