ARDEN W. COAD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Coad v. Commissioner
Docket No. 2642-79.
United States Tax Court
T.C. Memo 1981-453; 1981 Tax Ct. Memo LEXIS 298; 42 T.C.M. (CCH) 832; T.C.M. (RIA) 81453; August 24, 1981. *298 Held, petitioner failed to prove that respondent's determination of his income is erroneous. Held further, additions to tax imposed by respondent are sustained. Arden W. Coad, pro se. Cynthia J. Olson, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined deficiencies in petitioner's Fedeal income taxes and imposed additions to tax as follows: [1] Additions to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654
1970
$ 1,104.15
$ 276.04
$ 55.21
$ 35.26
1971
1,363.20
340.80
68.16
43.51
1972
2,236.00
559.00
111.80
71.36
1973
881.84
220.46
44.09
28.18
1974
2,110.09
527.60
105.52
67.35
1975
3,377.14
844.29
168.86
145.73
1976
9,657.70
2,414.43
482.89
359.43
1977
359.15
89.79
17.96
12.78
*299 After a concession by petitioner, the remaining issues for decision are: 1. Whether respondent correctly determined petitioner's income for the years in issue. 2. Whether petitioner is liable for the additions to tax imposed by respondent. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner Arden W. Coad resided in Dubois, Wyoming, when he filed his petition in this case. Petitioner did not file any Federal income tax returns for 1970 through 1975 and 1977. He filed a Form 1040 (U.S. Individual Income Tax Return) for 1976 which did not provide any information regarding his income or expenses for the year. Most of the spaces on the Form 1040 were either black or contained the word "object." During the years in issue, petitioner was a self-employed carpenter and plumber doing business as Wind River Plumbing and Heating in Dubois, Wyoming. In the notice of deficiency, respondent determined that during the years in issue petitioner had the following items of income and deductions from Wind River Plumbing and Heating: Year
Gross Receipts
Cost of Goods sold
Business Expense Deductions
1970
$ 6,617
$ 998
$ 356
1971
7,875
1,188
351
1972
11,582
1,748
352
1973
5,815
874
393
1974
10,845
1,634
358
1975
16,016
2,418
533
1976
38,435
5,796
527
1977
4,498
678
527
*300 Respondent also determined that petitioner had the following amounts of adjusted gross income for the years in issue: Year
Adjusted Gross Income
1970
$ 5,263
1971
6,336
1972
9,482
1973
4,548
1974
8,853
1975
13,065
1976
32,112
1977
3,293
Finally, respondent determined deficiencies and imposed additions to tax as set forth at the outset of this opinion. OPINION The first issue for decision is whether respondent correctly determined petitioner's income for the years in issue. Petitioner maintains that respondent's determination of his gross receipts and cost of goods sold from Wind River Plumbing and Heating is erroneous. Petitioner has the burden of proving that respondent's determination of his income is incorrect. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.aside from his self-serving statements, petitioner offered no evidence to rebut respondent's determination. Accordingly, since petitioner failed to satisfy his burden of proof, we must hold for respondent on this issue. We next consider whether petitioner is liable for the additions to tax imposed by respondent *301 under sections 6651(a), 6653(a), and 6654. Section 6651(a) imposes an addition to tax for failure to timely file a return unless the taxpayer shows that such failure was due to reasonable cause and not to willful neglect. Section 6653(a) imposes an addition to tax if any part of an underpayment of tax is due to negligence or intentional disregard of rules and regulations. Section 6654 imposes an addition to tax for failure to pay estimated tax. Respondent maintains that petitioner failed to timely file a valid income tax return for each of the years in issue. We agree. Although petitioner stipulated that he did not file tax returns for the years 1970 through 1975 and 1977, he testified that he filed returns for some of these years. This testimony, however, was vague and confused as to the years, if any, for which he filed returns. Moreover, petitioner did not offer any other evidence indicating that he filed any such returns. Under these circumstances, we must conclude that he did not file returns for those years. In addition, the Form 1040 filed by petitioner for 1976 did not contain sufficient information to constitute a valid return for purposes of the Internal Revenue *302 Code. It is well established that a document filed as a return will not constitute a "valid return" unless it contains sufficient information from which respondent can compute and assess a tax liability. Commissioner v. Lane-Wells Co., 321 U.S. 219 (1944); Hatfield v. Commssioner, 68 T.C. 895, 898 (1977); Cupp v. Commissioner, 65 T.C. 68, 79 (1975), affd. without opinion 559 F. 2d 1207 (3d Cir. 1977). This Court has held that a return within the meaning of the statute must "state specifically the amounts of gross income and the deductions and credits claimed." Confrote v. Commissioner, 74 T.C. 1160, 1195 (1980). See also Sanders v. Commissioner, 21 T.C. 1012, 1018 (1954), affd. 225 F. 2d 629 (10th Cir. 1955). In the instant case, the alleged return filed by petitioner for 1976 represents a blanket refusal to supply any information regarding his income and expenses. See United States v. Daly, 481 F. 2d 28, 30 (8th Cir. 1973); Conforte v. Commissioner , supra at 1196. Accordingly, we hold that petitioner failed to timely file returns for each of *303 the years in issue. On the basis of the record herein, we must sustain respondent's imposition of additions to tax under sections 6651(a), 6653(a), and 6654. Petitioner has not produced any evidence to show that the additions to tax were improper. The record contains no evidence which indicates that petitioner's failure to timely file returns was due to reasonable cause and not willful neglect. Nor is there any evidence which even suggests that petitioner is not liable for the additions to tax under sections 6653(a) and 6654. Since petitioner clearly failed to meet his burden of proof, we must hold for respondent. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩