Walter D. TAYLOR and Carolyn H. Taylor, Plaintiffs-Appellees,

v.

UNITED STATES of America, Defendant-Appellant.

No. 27874

Summary Calendar.

United States Court of Appeals Fifth Circuit.

Oct. 21, 1969.

Rehearing Denied Nov. 19, 1969.

Clinton N. Ashmore, U. S. Atty., Tallahassee, Fla., Johnnie M. Walters, Asst. Atty. Gen., William A. Friedlander, Lee A. Jackson, Michael B. Arkin, Attys., Tax Division, U. S. Dept. of Justice, Washington, D. C., for appellant.

Hugh F. Culverhouse, W. A. Gartner, Fred M. Cone, Jr., Culverhouse, Tomlinson, Taylor & DeCarion, Jacksonville, Fla., for appellees.

Before JOHN R. BROWN, Chief Judge, THORNBERRY and MORGAN, Circuit Judges.

THORNBERRY, Circuit Judge:

■ This is an appeal from the judgment of the United States District Court for the Northern District of Florida.[1] In a civil action for the refund of individual income taxes for the year 1961, the district court found that the three-year period of limitations was applicable, and entered judgment for the taxpayers. The United States appeals, arguing that the six-year period of limitations is applicable to this suit.

Taxpayers filed a timely personal joint federal income tax return for the year 1961 disclosing gross income in the amount of $5,093.36. That return disclosed income derived solely from wages for teaching services performed by taxpayers. Carolyn Taylor, one of the taxpayers, owned twenty-five per cent of the capital stock of J. O. Huxford Estate, Inc., a closely held corporation. The corporate fiscal year ended the last day of February each year. On March 1, 1961, the corporation became an electing small business corporation under Subchapter "S" of the Internal Revenue Code of 1954. During the fiscal year ended February 28, 1962, the corporation derived income in the amount of $100,000, and that income was reported by the corporation on its Subchapter "S" information return for the fiscal year ending February 28, 1962. Distributions totalling $18,000 were made to Carolyn Taylor by the corporation in March and September of 1961. Because of the taxpayers' mistaken belief that the distributions were not reportable as gross income in 1961 on their joint personal federal income tax return, there was no reference to the 1961 distributions contained thereon. There was no reference made to the Subchapter "S" corporation in taxpayers' individual return, nor on any schedule contained therein.

On December 8, 1966, the Internal Revenue Service issued a statutory notice of deficiency of income taxes for the year 1961 based on its determination that the distribution to Carolyn Taylor in 1961 constituted additional unreported income. Thereafter, the tax deficiency was formally assessed on March 31, 1967, more than three years, but less than six years, after the taxpayer's 1961 federal income tax return was filed.

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. *See* Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I.

The issue presented is whether the period of limitations within which the Government may assess a tax deficiency was extended from three to six years because of taxpayers' failure to report or adequately disclose an item of gross income, admittedly taxable in 1961, on their federal income tax return for the year 1961.

As a general rule, subject to specific statutory exceptions, the period of limitations within which the Government may assess a tax deficiency is three years. Section 6501(a), Internal Revenue Code of 1954. One such exception to this general rule is section 6501(e) (1) (A), which provides an extension to six years for the period within which a tax deficiency may be assessed if the taxpayer has omitted an amount from gross income that exceeds twenty-five per cent of the gross income stated in his return. The taxpayers argue that the six-year statute of limitations is inapplicable, relying on section 6501(e) (1) (A) (ii), which states:

> In determining the amount omitted from gross income, there shall not be taken into account any amount which is omitted from gross income stated in the return if such amount is disclosed in the return, or in a statement attached to the return, in a manner adequate to apprise the Secretary or his delegate of the nature and amount of such item.

Thus we must determine whether taxpayers made a disclosure of the omitted income sufficiently adequate to put the Government on notice of the nature and amount of the omission.

■■ As previously stated, taxpayers' 1961 tax return contained no reference to Carolyn Taylor's income from the Subchapter "S" corporation. Furthermore, there was no reference made to the Subchapter "S" corporation in taxpayers' individual return, nor on any schedule contained therein or any statement attached thereto. Under these circumstances, the Government, by examination of taxpayers' individual return, was given no indication of the possible existence, the nature, or the amount of the omitted item nor was it referred to any other source of such information.

In enacting section 6501(e) (1) (A), Congress intended to give the Government additional time to investigate tax returns in those cases where a taxpayer's failure to report a taxable item puts the Government at a special disadvantage to discover the omission in the usual three-year period. Colony, Inc. v. Commissioner of Internal Revenue, 1958, 357 U.S. 28, 78 S.Ct. 1033, 2 L.Ed.2d 1119. This Court has long recognized that the extended period of limitations applies when there is no disclosure of an item of income on the face of a tax return. Foster's Estate v. Commissioner of Internal Revenue, 5th Cir. 1942, 131 F.2d 405. As we stated in Phinney v. Chambers, 5th Cir. 1968, 392 F.2d 680, the statute provides that an item of income is "omitted" if the item is not shown in a manner sufficient to enable the Government, upon a reasonable inspection, to detect the error. It is manifest then that the Government is not to be penalized by a taxpayer's failure to reveal the facts. As Congress recognized, the Government cannot be required to act promptly on information that is not known to it.

Taxpayers take the position that the information necessary to a proper determination of their tax liability was contained in the Subchapter "S" return of J. O. Huxford Estate, Inc., and therefore a sufficient disclosure was made. The obvious flaw in that argument is that taxpayers' individual return made no reference whatsoever to the existence of the Subchapter "S" corporation, or its tax return. Thus Benderoff v. United States, 8th Cir. 1968, 398 F.2d 132, heavily relied upon by taxpayers, is distinguishable from the present case because in *Benderoff* the taxpayers' individual return specifically referred to their income derived from a tax option corporation and stated the name of the corporation and the amount of their

share of the corporation's undistributed corporate income.

Since the Government in this case examined an individual income tax return giving no suggestion or inference that relevant information may have been contained elsewhere, it cannot be seriously contended that the "adequate disclosure" referred to in section 6501(e) (1) (A) (ii) was made. Therefore, the six-year period of limitations was applicable in this situation.

Reversed and remanded.