CARDINAL LIFE INSURANCE COM-
PANY, Plaintiff-Appellee,

v.

UNITED STATES of America,
Defendant-Appellant.

No. 28722
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 14, 1970.

Eldon B. Mahon, U. S. Atty., W. E.
Smith, Asst. U. S. Atty., Fort Worth,
Tex., Johnnie M. Walters, Asst. Atty.
Gen., Lee A. Jackson, Atty., Tax Div., U.
S. Dept. of Justice, Washington, D. C.,
William W. Guild, Atty., Tax Div., Dept.
of Justice, Fort Worth, Tex., for plain-
tiff-appellee.

William Norton Baker, Edward R.
Smith, Lubbock, Tex., for defendant-ap-
pellant.

Before GEWIN, GOLDBERG and
DYER, Circuit Judges.

DYER, Circuit Judge:

This appeal involves the timeli-
ness of the assessments of deficiencies
in federal income taxes against taxpay-
er, Cardinal Life Insurance Company,
for the years 1955 and 1956. The Dis-
trict Court rejected the Government's
assertion that the taxpayer's omission of
more than twenty-five percent of its in-
come in each of the years in question re-
sulted in a six year period of limitations
and held that the deficiencies were
barred by the three year limitation stat-
ute. We disagree and reverse.[1]

The taxpayer was organized in 1955
as a limited capital stock life insurance
company, under the provisions of the
Texas Insurance Code. Since its incep-
tion the taxpayer has been authorized to
write life, health and accident insurance,
but taxpayer engaged in no insurance
business prior to 1957. For 1955 and
1956 taxpayer filed its income tax re-
turns on Form 1120L, the form pre-
scribed for use by life insurance compa-
nies.

Taxpayer had long term capital gains
of $9,164.55 in 1955 and $160,884.66 in
1956. It did not report these gains on
its 1955 and 1956 returns and it did not
file the required copy of its annual

1. Pursuant to our Rule 18 this case is decided without oral argument.

statement for either year. This latter omission was indicated on the face of the returns but without explanation of the omission as required by the instructions on the form. Taxpayer reported that it had no non-life insurance reserves for 1955 and 1956. Taxpayer sold no life insurance and had no premium income in either year in question.

The District Court determined that the taxpayer, as a matter of law, was not an insurance company during 1955 and 1956. This conclusion is not contested by either party. During this period life insurance companies did not have to pay any tax upon realized capital gains, while other corporate taxpayers had to pay the standard twenty-five percent capital gains tax on all gains realized. The Government argues that the taxpayer was obligated to pay the full taxes imposed upon ordinary corporations, including the taxes due on the $170,049.21 in capital gain income which had not been reported in 1955 and 1956. The District Court, however, held that the deficiencies in tax of $42,574.11, together with interest, assessed against the taxpayer on account of this unreported income, were barred by the three-year statute of limitations.

The statutory notice of deficiency for the years 1955 and 1956 was issued on June 11, 1963. This notice was not timely if the three-year period of limitations applied,[2] but was within the six-year period of limitations, as extended by waivers, provided in Section 6501(e) of the Internal Revenue Code of 1954. That section provides in part:

> If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 percent of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 6 years after the return was filed. For purposes of this subparagraph—

\* \* \* \* \* \*

> (ii) In determining the amount omitted from gross income, there shall not be taken into account any amount which is omitted from gross income stated in the return if such amount is disclosed in the return, or in a statement attached to the return, *in a manner adequate to apprise the Secretary or his delegate of the nature and amount of such item*. (Emphasis supplied)

\* \* \* \* \* \*

The District Court found Section 6501(e) inapplicable because "the only error in the returns as filed was in reporting as a life insurance company. This error was adequately disclosed on the returns themselves" because the returns "show clearly in each such year that Plaintiff did not have any life insurance reserves. The absence of reserves, furthermore, means the absence of premium income. The disclosed absence of such factors is definitely a 'clue' that Plaintiff was not a life insurance company." To conclude the syllogism, the court, relying on The Colony, Inc. v. Commissioner, 1958, 357 U.S. 28, 78 S.Ct. 1033, 2 L.Ed.2d 1119, found that because of the "clue" the Commissioner was not placed "at a special disadvantage in detecting errors." *Id*. at 36, 78 S.Ct. at 1038.

The District Court misread *Colony*. This fact, coupled with the court's preoccupation with the taxpayer's use of an erroneous form of return, led the court away from the focal point of inquiry, *i. e.*, whether the omission of the capital gains transactions was disclosed in the return "in a manner adequate to apprise the government of the nature and amount of such item."

In *Colony* the taxpayer accurately reported its gross receipts. The deficiencies asserted came about by the Commissioner's determination that the taxpayer had understated its gross profits on the sale of residential lots as a result of having overstated its basis by erroneous-

---

2. Section 6501(a) Internal Revenue Code of 1954.

ly including in their cost certain unallowable items of development expense. The Court said:

> We think that in enacting § 275(d) [the predecessor of § 6501(e)] Congress manifested no broader purpose than to give the Commissioner an additional two years [now three years] to investigate tax returns in cases where, because of a taxpayer's omission to report some taxable item, the Commissioner is at a special disadvantage in detecting errors. In such instances the return on its face provides no clue to the existence of the omitted item. On the other hand, when, as here, the understatement of tax arises from an error in reporting an item disclosed on the face of the return the Commissioner is at no such disadvantage.

*Id.* at 36, 78 S.Ct. at 1038.

Taxpayer argues that the only error in its returns was in reporting as a life insurance company and that this error was disclosed by a showing of no non-life insurance reserves. Furthermore, it assumed that it did not have to attach separate statements showing capital gains transactions as in the case of ordinary corporations, since it was reporting as an insurance company, albeit erroneously. This circular reasoning results from the omission of the undisputed fact that the forms filed by the taxpayer failed to disclose that it had realized substantial capital gain income. Assuming, *arguendo*, that the Commissioner had observed that the returns were on the wrong form, this would not have led the Commissioner to suspect that the taxpayer had capital gain income for the periods in question.

In a factual context not unlike the instant case Judge Thornberry, as the organ of this Court, recently said in Taylor v. United States, 5 Cir.1969, 417 F.2d 991:

> This Court has long recognized that the extended period of limitations applies when there is no disclosure of an item of income on the face of a tax return. Foster's Estate v. Commissioner of Internal Revenue, 5th Cir. 1942, 131 F.2d 405. As we stated in Phinney v. Chambers, 5th Cir.1968, 392 F.2d 680, the statute provides that an item of income is 'omitted' if the item is not shown in a manner sufficient to enable the Government, upon a reasonable inspection, to detect the error. It is manifest then that the Government is not to be penalized by a taxpayer's failure to reveal the facts. As Congress recognized, the Government cannot be required to act promptly on information that is not known to it.

*Id.* at 993.

Taxpayer would distinguish *Taylor* and *Phinney*, because in each of those cases there was an omission of an amount required to be reported on the form that was properly utilized, while here the taxpayer's reporting requirements were fixed by what it envisioned itself to be rather than by what it actually was. In the context of § 6501(e) we think this argument is specious. *See* Commissioner of Internal Revenue v. Lane-Wells Co., 1944, 321 U.S. 219, 64 S.Ct. 511, 88 L.Ed. 684.

■ We find that the taxpayer's failure to disclose the existence of the capital gains transactions which occurred in 1955 and 1956 foreclosed taxpayer from excusing its omission of capital gains income on the ground that the Commissioner was adequately apprised of the nature and amount of the omitted items. The six-year period of limitations was therefore applicable.

Reversed and remanded.