KENNETH J. REUTER AND ELEANOR R. REUTER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Reuter v. Commissioner
Docket No. 32359-83.
United States Tax Court
T.C. Memo 1985-607; 1985 Tax Ct. Memo LEXIS 21; 51 T.C.M. (CCH) 99; T.C.M. (RIA) 85607; December 16, 1985. Charles J. Reilly and Joseph D. Tudino, for the petitioners. Maureen T. O'Brien, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioners' Federal income tax for the taxable year 1978 in the amount of $12,304.53. The Commissioner also imposed an addition to tax under section 6653(a)(1)[1] in the amount of $615.23. The sole issue before us is whether the period of limitations for assessment of tax against petitioners is extended to 6 years under section 6501(e)(1)(A) *23 because petitioners failed to adequately disclose on their Federal income tax return undistributed taxable income earned by an S corporation [2] of which they were majority owners. FINDINGS OF FACT All of the facts have been stipulated and this case was submitted to this Court without trial pursuant to Rule 122. Because we consider the issue before us to be substantially a question of fact, we conclude that findings of fact are appropriate in this case. The stipulation of facts and accompanying exhibits are incorporated by this reference. At the time the petition in this case was filed, Kenneth J. Reuter and Eleanor R. Reuter (petitioners) were residents of Warwick, Rhode Island. They timely filed a joint Federal income tax return for the taxable year 1978 with the Internal Revenue Service Center, Andover, Massachusetts. During the taxable year 1978, *24 petitioner Kenneth J. Reuter was the sole shareholder of Greco Brothers Electric Service Corporation (Greco Brothers). For its taxable year ended September 30, 1978, Greco Brothers filed its income tax return as an electing small business corporation under section 1362(a). Petitioners also were the sole owners of Kenel Corporation (Kenel), which was not an S corporation during the period relevant to this case. Kenel was a fiscal year taxpayer with a taxable year ending on November 30. On their return for the taxable year 1978, petitioners reported "wages, salaries, tips, and other employee compensation" in the amount of $27,012. Attached to their return was a Form W-2, Wage and Tax statement, issued by Greco Brothers reporting gross wages paid to petitioner Kenneth J. Reuter in the amount of $25,012. Petitioners also attached to their 1978 return a Form W-2 issued by Kenel reporting wages paid to petitioner Kenneth J. Reuter during 1978 in the amount of $2,000. There is no indication on petitioners' return or the attached Forms W-2 that Greco Brothers is an S corporation. Greco Brothers issued a Form K-1, Shareholder's Share of Undistributed Taxable Income, etc., to petitioners *25 reporting their share of Greco Brothers' income, expense, gain, and loss for its taxable year ended September 30, 1978. The Form K-1 issued to petitioners indicated that petitioners had reportable undistributed taxable income from Greco Brothers' operations in the amount of $42,013.92. Petitioners failed to report this amount on their joint return for 1978. Kenel, however, mistakenly reported $42,013.92 as part of its gross receipts for its taxable year ended November 30, 1979. On October 5, 1983, the Commissioner mailed a statutory notice of deficiency to petitioners for the taxable year 1978, which showed, among other items, that petitioners had omitted $40,014 in "Subchapter S Undistributed Taxable Income," which amount was taxable to the petitioners as ordinary income. [3] The Commissioner's statutory notice of deficiency was issued more than 3, but less than 6 years after petitioners' 1978 individual Federal income tax return was due. *26 ULTIMATE FINDING OF FACT Petitioners did not adequately disclose their share of the S corporation undistributed taxable income, which was omitted from gross income on their return for the taxable year 1978. OPINION A qualified corporation may elect to be governed by the special rules of Subchapter S of Chapter 1, Subtitle A of the Internal Revenue Code of 1954 (more commonly known as simply Subchapter S). Sec. 1371 et seq. Briefly, the Subchapter S rules provide that a qualified electing corporation, an S corporation, generally will not be taxed on its income or gains. Sec. 1372(b)(1). Instead, the S corporation is treated as a pass-through entity; each shareholder of the corporation must report, on his individual returns, his pro rata share of the corporation's items of income, loss, or credit. Secs. 48(e), 1373-1374. Shareholders are taxed on their pro rata share of the income of an S corporation irrespective of whether they have received an actual distribution of these earnings. Sec. 1373. The deficiency determined by the Commissioner in the petitioners' 1978 return is attributable to the omission of $40,014 of S corporation undistributed taxable income. Because petitioners *27 concede that the $40,014 of S corporation undistributed taxable income was properly reportable on their individual income tax return, the only issue before us is whether the applicable period of limitations for assessing or collecting a tax expired before the Commissioner issued his statutory notice of deficiency. Section 6501 provides generally that the Commissioner must assess any tax due within 3 years of the filing of the return by the taxpayer. Sec. 6501(a). Where, however, taxpayers omit properly reportable items of income, the 3-year statute of limitations may not provide the Commissioner with sufficient time to uncover such omissions. See Colony Inc. v. Commissioner,357 U.S. 28, 36 (1958). In response to this perceived disability, Congress extended the 3-year period of limitations in situations where there had been a substantial omission from gross income. [4] A substantial omission from gross income is considered to have occurred where the omitted amount is in excess of 25 percent of the amount of gross income reported on the return. As part of the Internal Revenue Code of 1954, the following subsection to section 6501(e)(1)(A) was added: (ii) In determining *28 the amount omitted from gross income, there shall not be taken into account any amount which is omitted from gross income stated in the return if such amount is disclosed in the return, or in a statement attached to the return, in a manner adequate to apprise the Secretary of the nature and amount of such item. In essence, section 6501(e)(1)(A)(ii) requires that before an item of gross income is considered omitted and, therefore, counted toward the 25 percent of gross income threshold that triggers the 6-year period of limitations, the return on its face, or attached statements, must not put the Commissioner on notice that such income exists and has not been reported. *29 The question before us is whether petitioner's individual income tax return for the taxable year 1978 adequately disclosed "the nature and amount" of such "omitted item." Our inquiry is a factual one. University Country Club, Inc. v. Commissioner,64 T.C. 460, 469 (1975). The U.S. Supreme Court, in Colony, Inc. v. Commissioner, indicated that, in order to constitute adequate disclosure, the tax return on its face must provide a "clue" to the existence of the omitted item. 357 U.S. at 36. We conclude that neither petitioners' return nor the attached Forms W-2 provide the necessary clue to the existence of the omitted items. All that is indicated on petitioners' return is that they had reportable wages from two corporations. The Forms W-2 issued to petitioners by Greco Brothers and Kenel do not indicate that Greco Brothers is an S corporation, nor do they reveal petitioners' ownership interest in Greco Brothers. There is no reference on the return or the attached statements sufficient to apprise the Commissioner of the amount or nature of the omitted S corporation undistributed taxable income. *30 Taylor v. United States,417 F.2d 991, 993 (5th Cir. 1969). Even though their income tax return does not reveal the existence of undistributed taxable income from an S corporation, petitioners urge us to look beyond the face of their return to find a clue to the existence of their omission from gross income.They argue that an S corporation, although not taxable generally, must file an annual information return revealing each shareholder's pro rata share of taxable items, and that the return provides the Commissioner with adequate disclosure of items omitted from the shareholders' individual returns. The statutory language of section 6501(e)(1)(A), however, does not require or permit us to look beyond the face of the return from which the income was omitted. Section 6501(e)(1)(A) does not permit the extension of the period of limitations if the omitted item of income "is disclosed in the return, or in a statement attached to the return." Sec. 6501(e)(1)(A)(ii). The legislative history of the 1954 changes made to section 6501(e)(1)(A) does not suggest looking beyond the face of the return to determine disclosure of an omitted item of income providing only that:
*31 I. Limitations (ch. 66) (2) The period of limitation for assessment is made 6 years instead of 5 in the case of the omission of 25 percent of gross income * * *. * * * this longer period is not to apply if disclosure of the nature and amount of omitted items is made on or with the tax return. [H. Rept. 1337 at 107 and S. Rept. 1622 at 143-144, to accompany H.R. 8300 (Pub. L. 591), 83d Cong. 2d Sess. (1954).] We can only conclude that the statutory language of section 6501(e)(1)(A) means what it says; the disclosure of omitted income must appear on the face of the return or on statements attached to the return.Because the S corporation's annual return is filed by a separate entity and is not physically attached to, nor referenced in, the individual's income tax return, section 6501(e)(1)(A) cannot be deemed to place the Commissioner on notice of the existence of information revealed therein. We recognize that statutes of limitations are to be construed liberally in favor of taxpayers. United States v. Updike,281 U.S. 489, 496 (1930). Where, however, a statute, such as section 6501(e)(1)(A), yields but one interpretation, we must abide by that plain meaning. *32 Further bolstering our conclusion is the fact that the cases upon which petitioners rely in arguing that we must look beyond their income tax return to find a clue to the omitted item of income are distinguishable from the instant fact situation. Petitioners cite several cases where this Court or other courts have indicated that our search for omitted items should go beyond the individuals' return alone. Benderoff v. United States,398 F.2d 132 (8th Cir. 1968); Walker v. Commissioner,46 T.C. 630 (1966); Roschuni v. Commissioner,44 T.C. 80 (1965); Rose v. Commissioner24 T.C. 755 (1955). Petitioners' reliance on these authorities is misplaced for, without exception, the taxpayer's individual income tax return in these cases contained some reference to a separate document from which the omission from income could be ascertained. The earliest in the line of cases cited by petitioner is Rose v. Commissioner,supra. In Rose the taxpayers received the Commissioner's statutory notice of deficiency more than 3 years after they filed their individual return. *33 The Commissioner argued that the appropriate period of limitations was not 3 years, but 5 years under section 275(c), I.R.C. 1939, a predecessor of section 6501(e)(1)(A). The taxpayers argued that the extended period of limitations was inapplicable because their individual returns suggested the existence of a partnership return that revealed the omission from income. The taxpayers' separately filed individual returns reported amounts as "Income from partnerships." 24 T.C. at 759. This reference was sufficient to apprise the Commissioner of a source of the taxpayers' income. Had the Commissioner promptly inquired into the nature of this income, he would have readily discovered the amount and nature of the omission from income. However, petitioners' individual return in the instant case contained no such reference to lead the Commissioner's search for omitted income. Although Rose is distinguishable since the taxpayers' return contained an explicit reference to the existence of a partnership and, therefore, a partnership return, our holding today is also distinguishable on another basis. *34 The taxpayers in Rose, husband and wife, had filed a partnership return at the suggestion of a revenue agent in order to facilitate the reporting of community income from the taxpayers' business. There was not a true partnership. The Court found that there was not an omission of income large enough to satisfy the 25-percent threshhold of section 275(c) because "the so-called partnership return * * * was merely an adjunct to the individual returns of [the taxpayers] and must be considered together with such individual returns and treated as part of them." 24 T.C. at 769. Special circumstances, such as those surrounding the filing of the partnership return in Rose, do not appear in the case before us. Petitioners also rely upon the opinion of the Court of Appeals in Benderoff v. United States,supra. In Benderoff the taxpayers asserted that the 6-year period of limitations under section 6501(e)(1)(A) was inapplicable because the alleged omission from income was ascertainable from the return filed by the S corporation in which they were shareholders. The omission from the taxpayers' individual return could have been discovered by reviewing *35 a schedule attached to the S corporation return. Unlike the case before us, the taxpayers' returns in Benderoff contained some reference to the taxpayers' ownership interests in an S corporation. The taxpayers' individual returns included an appended schedule entitled "Other Income" showing an amount for "tax option corporation - V.C. Benderoff Co. Inc." such amount being the taxpayers' pro rata share of the S corporation undistributed taxable income reported on the corporate information return. Based on this reference, the court found that the taxpayers' individual returns, supplemented by the corporate return, provided the necessary clue to the omitted income and that the 3-year period of limitations was, therefore, applicable. 398 F.2d at 137. Our decisions in Roschuni v. Commissioner,supra, and Walker v. Commissioner,supra, are similarly distinguishable. In Roschuni the taxpayers used the installment method to report for the taxable year 1958 their pro rata share of long-term capital gain realized by the S corporation in which they were shareholders. Stating that the taxpayers' use of the installment method was *36 improper, the Commissioner determined a deficiency in the taxpayers' Federal income tax for the taxable year 1958. Because the Commissioner's statutory notice of deficiency was issued more than 3 years after their income tax return for 1958 was due, the taxpayers alleged that the assessment of any tax was barred by the 3-year statute of limitations. The Commissioner argued that because the taxpayers' improper use of the installment method resulted in a large omission from income, the 6-year statute of limitations under section 6501(e)(1)(A) was effective. This Court held that the 3-year period of limitations had expired. 44 T.C. at 86. Had the Commissioner examined the S corporation information return along with the taxpayers' individual income tax return, the omission from income in Roschuni would have been easily visible. Unlike the case presently before us, however, the Commissioner was given adequate notice of the omission from income by the explicit incorporation of the information found in the S corporation return in their individual return. On the Schedule D of their individual Federal income tax return for the taxable year 1958, the taxpayers included *37 the notation "See -- Gilbert Hotel, Inc. (Schedule D, Form 1120-S)" followed by the amount of capital gain reported. As Form 1120-S is the form designated by the Commissioner to be filed annually by all S corporations, this reference clearly placed the Commissioner on notice of the possible existence of omitted income to be found on that form. However, the lack of such explicit reference in petitioners' individual return distinguishes the facts before us from those we found in Roschuni.
On facts similar to those in Roschuni, we also found in Walker v. Commissioner,supra, that the 6-year statute of limitations was inapplicable and that the 3-year period had expired. 46 T.C. at 640. In Walker the Commissioner determined a deficiency in the taxpayer's individual income tax based on her improper use of the installment method to report long-term capital gain realized by the partnership in which she held a 50-percent ownership interest. The taxpayer, on her individual income tax return for the year in issue, stated her occupation as "Partner Arnold V. Walker Shipyard." The taxpayer also reported an amount on a schedule attached to her return *38 as her share of long-term capital gain from "partnerships and fiduciaries." Based on these facts, we held that the Commissioner was properly apprised of the existence of the omission within the meaning of section 6501(e)(1)(A). 46 T.C. at 639. While we find the foregoing cases distinguishable on their facts, the facts found in the Court of Appeals decision in Taylor v. United States,417 F.2d 991 (5th Cir. 1969), much more nearly mirror the facts before us today. In Taylor the taxpayers mistakenly failed to report their share of S corporation income on their individual Federal income tax return for the taxable year 1961. There was no reference made to the S corporation in the taxpayers' individual return, nor on any attached schedule. Approximately five years later, the Commissioner issued a statutory notice of deficiency based on his determination that the taxpayers had additional unreported income from their ownership in the S corporation. The taxpayers alleged that any assessment of taxes for 1961 was barred by the 3-year statute of limitations of section 6501(a). In holding the 6-year period of limitations under section 6501(e)(1)(A) applicable, *39 the Court of Appeals refused to look to the S corporation information return for the necessary clue, noting that the "taxpayers' individual return made no reference whatsoever to the existence of the" S corporation. 417 F.2d at 993 (distinguishing Benderoff). Based on all the foregoing, we conclude that the receipt of a Form W-2 from petitioners, reporting wages paid, from a corporation, without more, does not provide a sufficient clude to the existence of an omission from income. Taylor v. United States,supra. We find the 6-year period of limitations under section 6501(e)(1)(A) applicable. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954 as in effect for the years in issue, and all rule references are to this Court's Rules of Practice and Procedure.↩
2. Small business corporations, commonly referred to as "Subchapter S corporations," are governed by Subchapter S of Chapter 1, Subtitle A of the Internal Revenue Code of 1954 as amended. We will refer to these corporations as as "S corporations." See sec. 1361(a)(1), as amended by the Subchapter S Revision Act of 1982.↩
3. We conclude that the difference in the amount of undistributed taxable income shown on the Form K-1 issued to petitioners and the amount shown by the Commissioner on his statutory notice of deficiency, approximately $2,000 ($42,013.92 - $40,011), is attributable to the fact that petitioners reported $2,000 appearing on the Kenel W-2 as ordinary income on their 1978 return. In any event, the parties have agreed that if we find for respondent in this case, petitioners will be liable for the deficiency in, and addition to, tax determined by the Commissioner.↩
4. The first predecessor to current sec. 6501(e) appeared in sec. 275(c), Revenue Act of 1934, ch. 277, 48 Stat. 680, 745. The period of limitations in cases where there had been a substantial omission from income was initially extended to 5 years. Later, as part of the Internal Revenue Code of 1954, 68A Stat. 3, 804, the extended period of limitations was lengthened to 6 years. See Colony Inc. v. Commissioner,357 U.S. 28, 33-35↩ (1958).