T.C. Memo. 2009-253


UNITED STATES TAX COURT


UTAM, LTD., DDM MANAGEMENT, INC., TAX MATTERS PARTNER,
Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 24762-06.                    Filed November 9, 2009.


<u>James F. Martens</u>, <u>Michael B. Seay</u>, and <u>Kelli H. Todd</u>, for
petitioner.

<u>Edsel Ford Holman, Jr.</u>, for respondent.



MEMORANDUM OPINION


KROUPA, <u>Judge</u>: This partnership-level matter is before the
Court on petitioner's motion for summary judgment as supplemented
and respondent's cross-motion for partial summary judgment,

respectively filed under Rule 121.[1]  Respondent issued UTAM, Ltd.
(partnership) a notice of final partnership administrative
adjustment (FPAA) for 1999 on October 13, 2006, which is beyond
the general 3-year periods for assessment under sections 6229(a)
and 6501(a).  We must decide whether a basis overstatement
constitutes a substantial omission from gross income that can
trigger an extended 6-year assessment period under section
6229(c)(2) or section 6501(e)(1)(A).  We hold that the extended
assessment period does not apply to an overstatement of basis in
this case and follow Bakersfield Energy Partners, LP v.
Commissioner, 128 T.C. 207 (2007), affd. 568 F.3d 767 (9th Cir.
2009).[2]  Accordingly, we shall grant petitioner's motion for
summary judgment and deny respondent's cross-motion for partial
summary judgment.

## Background

The following facts have been assumed solely for purposes of
resolving the pending motions.  David Morgan created several
entities for both tax and non-tax related purposes.  Mr. Morgan's
first business enterprise was Success Life, a life insurance
agency based in Austin, Texas.  As Success Life expanded into
real estate and other ventures, Mr. Morgan merged Success Life

---

[1]All section references are to the Internal Revenue Code
(Code) in effect for the year at issue, and all Rule references
are to the Tax Court Rules of Practice and Procedure, unless
otherwise indicated.

[2]Respondent does not argue that the regulations under sec.
301.6501(e)-1T, Temp. Proced. & Admin. Regs., 74 Fed. Reg. 49321
(Sept. 28, 2009), apply.

into UTA Management, Inc. (UTA Management), an S corporation he solely owned. Mr. Morgan decided, because of the Texas franchise tax on S corporations, to transfer the business of UTA Management to a limited partnership. Mr. Morgan created UTAM, Ltd., a limited partnership consisting of two partners, UTA Management and DDM Management, Inc. (DDMM), an S corporation owned by Mr. Morgan and his family. Shortly after the partnership's formation, an unrelated insurance company offered to purchase all outstanding partnership interests.

Before the sale occurred, UTA Management artificially inflated its basis in the partnership from $2,764,685 to $41,105,132 through a series of transactions constituting what is now known as a "Son of BOSS" tax shelter. These transactions reduce or eliminate capital gains by creating artificial losses through the transfer of assets laden with significant liabilities to a partnership. Here, UTA Management increased its basis by contributing $38,158,500 in cash along with short sale positions of $38 million in U.S. Treasury Notes to the partnership. UTA Management included the cash contributions in computing its new partnership basis but excluded the short sale position because the liability could not be determined at the time of transfer.

UTA Management and DDMM sold their partnership interests for $27,848,493 and $350,000 respectively. DDMM reported a $318,187 gain from the sale on its Federal tax return for 1999. UTA Management elected to treat the sale of its partnership interest

as a deemed sale of partnership assets under section 338(h)(10) and reported a $13,256,639 loss.[3]

As previously stated, respondent issued the FPAA beyond the general 3-year assessment periods. Respondent determined that UTAM "was a sham" and found UTA Management's basis overstatement presented issues that must be addressed at the partnership level. Respondent therefore reversed all of UTAM's income items, expense items, and capital transactions and adjusted UTA Management's outside partnership basis to zero.

Petitioner challenges the timeliness of the FPAA arguing that the general 3-year assessment periods had already expired when respondent issued the FPAA. Petitioner argues that a basis overstatement cannot trigger an extended 6-year period of assessment under either section 6229(c)(2) or section 6501(e)(1)(A) citing Bakersfield Energy Partners, LP v. Commissioner, supra. Respondent asserts that we decided Bakersfield incorrectly and urges us to overrule it. We decline to do so.

Appeal of this case lies with the Court of Appeals for the D.C. Circuit, and no case in the D.C. Circuit contradicts our prior holdings on the contested issue.

---

[3]This is calculated by subtracting UTA Management's claimed basis ($41,105,132) from the amount it received for its interest in the partnership ($27,848,493).

Discussion

This is yet one more Son of BOSS case before the Court on the parties' cross-motions for full or partial summary judgment on the issue whether the FPAA was timely if issued after the general 3-year periods expired. Both parties agree that the facts are not in dispute. We must apply the law to the facts. We begin with the general rules for the limitations period.

The Code does not provide a limitations period within which the Commissioner must issue an FPAA. See <u>Curr-Spec Partners, LP v. Commissioner</u>, 579 F.3d 391 (5th Cir. 2009), affg. T.C. Memo. 2007-289; <u>Rhone-Poulenc Surfactants & Specialties, LP v. Commissioner</u>, 114 T.C. 533, 534-535 (2000). Partnership item adjustments will be time barred at the partner level, however, if the Commissioner does not issue the FPAA within an applicable period for assessing tax attributable to partnership items. <u>Curr-Spec Partners, LP v. Commissioner</u>, <u>supra</u> at 398; <u>Rhone-Poulnec Surfactants & Specialities, LP v. Commissioner</u>, <u>supra</u> at 535. The Commissioner must generally assess a tax or issue a notice of deficiency within a 3-year period after a taxpayer files his or her return. Secs. 6501(a), 6503(a). The Code provides a specific rule governing the adjustment of partnership items.[4] Sec. 6229(a), (d). The general 3-year assessment

_____

[4]Partnership items include any item of income, gain, loss, deduction, or credit that subtit. A requires the partnership to take into account for the taxable year, to the extent that
(continued...)

periods extend to six years if the taxpayer (or partnership) omits an amount properly includable in gross income that exceeds 25 percent of the amount of gross income stated in the return. Secs. 6501(e)(1)(A), 6229(c)(2). The additional three years is necessary because the Commissioner is at a special disadvantage to discover an omission of items from a return as opposed to including items that reduce taxable income. See Colony, Inc. v. Commissioner, 357 U.S. 28, 36 (1958); Taylor v. United States, 417 F.2d 991, 993 (5th Cir. 1969).

Respondent concedes that he issued the FPAA after the general 3-year assessment periods expired. Respondent argues this Court maintains jurisdiction because a basis overstatement by the partnership extends the period for assessing tax under either section 6229(c)(2) or section 6501(e)(1)(A). Respondent admits there was no such omission in the partnership's tax return for 1999 but claims that UTA Management omitted an item from gross income by overstating the basis of its investment in the partnership by $37,857,494. He therefore argues the FPAA was timely because the alleged overstated basis on UTA Management's return extended the limitations period for assessing an income tax deficiency against Mr. Morgan, the sole shareholder of UTA

---

(...continued)
regulations provide that the item is more appropriately determined at the partnership level than at the partner level. See sec. 6231(a)(3); see also sec. 301.6231(a)(3)-1(a), Proced. & Admin. Regs.

Management, to six years.  Petitioner counters that <u>Bakersfield Energy Partners, LP v. Commissioner</u>, 128 T.C. 207 (2007) controls this case, and asserts that even if UTA Management's basis was overstated, that alone is not an omission from gross income.

We have held that a basis overstatement is not an omission from gross income.  See <u>id.</u> at 213-215.  In <u>Bakersfield</u> we applied the Supreme Court's holding in <u>Colony, Inc. v. Commissioner</u>, <u>supra</u>, and stated that the extended limitations period applies where "specific income receipts have been 'left out' in the computation of gross income and not when an understatement of gross income resulted from an overstatement of basis."  <u>Bakersfield Energy Partners, LP v. Commissioner</u>, <u>supra</u> at 213 (paraphrasing <u>Colony, Inc. v. Commissioner</u>, <u>supra</u>).

The Court of Appeals for the Ninth Circuit affirmed our Opinion in <u>Bakersfield</u>, 568 F.3d at 778.  The Court of Appeals for the Federal Circuit also recently held that <u>Colony</u> controlled the disposition of a section 6501(e)(1)(A) case involving a basis overstatement.  <u>Salman Ranch Ltd. v. United States</u>, 573 F.3d 1362, 1377 (Fed. Cir. 2009); see also <u>Intermountain Ins. Serv. of Vail, LLC v. Commissioner</u>, T.C. Memo. 2009-195; <u>Beard v. Commissioner</u>, T.C. Memo. 2009-184.  These cases have all concluded that mere overstatement of basis does not trigger the extended period of limitations.

Respondent relies on <u>Phinney v. Chambers</u>, 392 F.2d 680 (5th Cir. 1968). The Fifth Circuit Court of Appeals in <u>Phinney</u> found that the 6-year period of limitations applied to a fiduciary income tax return on which the nature of an item of income was misstated. The Commissioner was at a disadvantage identifying the error in the reporting of the transaction in issue in <u>Phinney</u> because the fiduciary tax return listed the item of income without disclosing its receipt in an installment sale. <u>Phinney</u> is not directly on point and does not persuade this Court to overrule <u>Bakersfield</u>.

Respondent further argues that the Supreme Court holding in <u>Colony</u> is limited to the context of trade or business income from the sale of goods or services. Respondent asserts that <u>Colony</u> should not apply because petitioner was not in the trade or business of selling partnership interests. This Court rejected the same argument in <u>Bakersfield</u>. Neither the language nor the rationale of <u>Colony</u> can be limited to the sale of goods or services by a trade or business. <u>Bakersfield Energy Partners, LP v. Commissioner</u>, 128 T.C. at 215.

Finally, respondent argues that the Court should focus on the definition of the phrase "gross income," not on the definition of the word "omits" when interpreting the phrase "omits from gross income." The Supreme Court, however, attached importance to the word "omits" in determining whether the

limitations period should be extended.  See <u>Colony, Inc. v.</u>
<u>Commissioner</u>, <u>supra</u> at 32.  This Court finds no "omission" from
gross income such as would trigger an extended period for
assessment.

We have considered all arguments made in reaching our
decision, and, to the extent not mentioned, we conclude that they
are moot, irrelevant, or without merit.  We conclude that neither
the partnership nor any of its partners omitted gross income from
a return so as to make applicable the extended assessment period
of section 6229(c)(2) or section 6501(e)(1)(A).  We therefore
find that the limitations period for assessing tax against
petitioner has expired.

<u>An appropriate order and</u>
<u>decision will be entered for</u>
<u>petitioner</u>.