T.C. Memo. 1997-463


UNITED STATES TAX COURT


WALTER E. PETERSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3398-95.                     Filed October 9, 1997.


Walter E. Peterson, pro se.

<u>Amy Campbell</u>, for respondent.


MEMORANDUM OPINION


COLVIN, <u>Judge</u>:  Respondent determined that petitioner has a
deficiency in Federal income tax for 1992 of $23,768, is liable
for self-employment tax of $8,676, and that he is liable for
additions to tax of $3,942 for failure to file a return under
section 6651(a)(1) and $1,038 for failure to pay estimated tax
under section 6654(a).

As discussed below, we reject petitioner frivolous tax protester arguments and sustain respondent's determination.

Section references are to the Internal Revenue Code in effect in the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

A. Petitioner

Petitioner was married when he filed his petition in this case and lived in Roswell, Georgia. Petitioner's wife filed a Federal income tax return, Form 1040, for 1992 in which she itemized her deductions.

B. Petitioner's Income

Petitioner received $66,978 in nonemployee compensation in 1992 from the following sources: (1) $2,106 from Massachusetts General Life Insurance Co.; (2) $3,822 from Pioneer Life Insurance Co. of Illinois; (3) $1,804 from Western Fidelity Marketing, Inc.; (4) $48,602 from National Group Life Insurance Co.; and (5) $10,644 from Pyramid Life Insurance Co. In 1992, he received $22 in interest from Provident Bank and $9 in interest from Bank South and he forfeited $15 in interest from Provident Bank. In 1992, Twentieth Century Investors, Inc., paid petitioner $30 for capital stock for a $30 capital gain. Twentieth Century Investors, Inc., also paid petitioner $3 in 1992, $2 of which was a dividend and the remaining $1 of which was a capital gain.

C.   Petitioner's 1992 Return

Petitioner did not file a Federal income tax return, Form 1040, for 1992.  Instead, he filed a U.S. Nonresident Alien Income Tax Return, Form 1040NR.  On that return, he reported no income or other amounts and wrote "na" or "not applicable" on the lines for home address and income, adjustments, tax, credits, and other taxes.  Petitioner did not pay any Federal income tax for 1992.

D.   Trial

Petitioner did not offer any evidence contrary to respondent's determination.  The Court advised petitioner that he had the burden of proof and noted that he had presented no evidence to meet that burden.

Respondent moved for summary judgment at trial on October 23, 1997, because petitioner had admitted receiving the income as determined in the notice of deficiency, offered no contrary evidence, and made only tax protester arguments.  When respondent made that motion, it was clear that petitioner had refused to submit further evidence and was relying only on tax protester arguments.

## Discussion

A.   Petitioner's Tax Protester Arguments

Petitioner submitted a pretrial memorandum in which he listed as issues for trial:  (1) Whether section 61 applies to him; (2) whether he must file a Form 1040; (3) whether he is

required to pay tax; and (4) whether the substitute for return under section 6020(b) applies only to alcohol, tobacco, and firearm activities. Petitioner listed no witnesses in his pretrial memorandum. He relied on his proposed stipulation of facts as the statement of facts in his pretrial memorandum.

Petitioner also submitted a white notebook which contained materials stating his position in this case. The Court filed petitioner's pretrial memorandum, white notebook, and statement to make a record of his contentions.

Petitioner contends that the income tax is invalid and denies that it applies to him. Petitioner said that he researched tax law and decided to file a return for a non-resident alien because he believed that he was entitled to receive a refund of tax that he had previously paid. In his response to respondent's proposed stipulation of facts, he said that he should not have filed a Form 1040NR return because he did not know of any obligation he had to file any return.

Petitioner also contends that: (1) He was not liable for tax because he was not involved in any excisable activity; (2) respondent's substitute for return is invalid because section 6020(b) only applies to alcohol, tobacco, and firearms; (3) Form 1040 is not the proper form for an individual taxpayer to file; (4) payment of income tax is voluntary, and he did not volunteer to pay it; (5) he did not receive due process; (6) he did not receive notice that he was required to keep records; (7)

respondent has the burden of proof as the proponent of rules; and (8) the notice of deficiency violates sections 3504(h), 3507(a), and 3512 of the Paperwork Reduction Act of 1980, 44 U.S.C. secs. 3501-3520 (1988).[1]

Petitioner's contentions are a rehash of frivolous tax protester arguments.  See Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225; United States v. Romero, 640 F.2d 1014 (9th Cir. 1981).  His arguments have been uniformly rejected by this and other courts.  Abrams v. Commissioner, 82 T.C. 403, 406-407 (1984); Rowlee v. Commissioner, 80 T.C. 1111 (1983); McCoy v. Commissioner, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983).  We see no need to address petitioner's contentions here.  See, e.g., Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984); Solomon v. Commissioner, T.C. Memo. 1993-509, affd. without published opinion 42 F.3d 1391 (7th Cir. 1994).

B.    Deficiency

Petitioner stipulated that he received the amounts of income as determined by respondent.[2]

----

[1] See Aldrich v. Commissioner, T.C. Memo. 1993-290 and cases cited therein, for a discussion of the effect of the Paperwork Reduction Act of 1980, 44 U.S.C. secs. 3501-3520 (1988), on the deficiency process.

[2] Respondent determined and concedes that petitioner may deduct $15 for forfeited interest.  Petitioner did not know that he was entitled to deduct that amount.

Petitioner's filing status was married, filing separately in 1992. Sec. 1(d). Petitioner's wife filed a separate return in which she itemized deductions. Petitioner is not entitled to a standard deduction because his spouse itemized deductions on her return. Sec. 63(c)(6)(A). We sustain respondent's determination that petitioner has a $23,768 income tax deficiency for 1992.

C.  Self-Employment Tax

Respondent determined that petitioner is liable for self-employment tax of $8,676, section 1401, and that he may deduct self-employment tax of $4,338, section 164(f), for 1992. We sustain respondent's determination on this point.

D.  Addition to Tax for Failure To File a Return

Respondent determined that petitioner is liable for the addition to tax for failure to file a return. Sec. 6651(a). Petitioner contends that he is not liable for this addition to tax because he is an individual and not a person, and he was not involved in excisable activity.

Section 6651(a)(1) imposes an addition to tax of up to 25 percent for failure to timely file Federal income tax returns unless the taxpayer shows that such failure was due to reasonable cause and not willful neglect. Petitioner did not file a Form 1040 for 1992. A Form 1040 which discloses no information relating to a taxpayer's income is not a return within the meaning of section 6011. Hatfield v. Commissioner, 68 T.C. 895 (1977); Cupp v. Commissioner, 65 T.C. 68, 79-80 (1975), affd.

without published opinion 559 F.2d 1207 (3d Cir. 1977); see also Commissioner v. Lane-Wells Co., 321 U.S. 219 (1944). Petitioner filed an incomplete Form 1040NR on which he reported no income or other amounts. Petitioner offered no evidence to show, contrary to respondent's determination, that his Form 1040NR is a valid return for purposes of section 6651(a)(1). Petitioner's Form 1040NR is not a valid return for purposes of section 6651.

Petitioner made no attempt to show that his failure to file a timely return was due to reasonable cause and not willful neglect except for his frivolous contentions about the income tax system. We sustain respondent's determination that petitioner is liable for the addition to tax for failure to file a return under section 6651(a) for 1992.

E.  Failure To Pay Estimated Tax

Respondent also determined that petitioner is liable for the addition to tax for failure to pay estimated tax under section 6654.

The addition to tax for failure to pay estimated tax under section 6654 applies unless the taxpayer shows that he or she meets one of the computational exceptions provided in section 6654(e), none of which applies here. Petitioner offered no evidence to show why he did not pay estimated tax. We sustain respondent's determination that petitioner is liable for the addition to tax for failure to pay estimated tax under section 6654 for 1992.

For the foregoing reasons,

Decision will be entered for

respondent.[3]

---

[3] Because petitioner bears the burden of proof on all disputed issues, Rule 142(a), the result in this case would be no different if we decided it based on respondent's motion for summary judgment (which we will deny as moot).